UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -  X

                                            :

UNITED STATES OF AMERICA              :

                                     :     **SEALED**

                - v. -               :     **INDICTMENT**

                                     :

KYLE JAMES,                        :     16 Cr. 328

     a/k/a "Killa,"            :

JAMAR SHAW,                        :

     a/k/a "Double R,"        :

DANIEL FRANCO,                    :

     a/k/a "Young Papi"       :

RICHIERAY SUCCI,                :

RASHAWN PERRY,                    :

     a/k/a "Cass,"             :

NORDIA TOMPKINS,                :

     a/k/a "Nadia,"           :

JUAN MONTERO,                    :

     a/k/a "Chino,"           :

LOREN PERRY,                      :

     a/k/a "Skip,"             :

HERBERT MURPHY,                :

     a/k/a "Superb,"         :

     a/k/a "Perb,"             :

     a/k/a "Alan,"            :

     a/k/a "Herbie,"         :

GRADY BLACKMON,                :

CANDICE BROOKINS,             :

ASHLEY EDWARDS,                :

DAVID GUZMAN,                  :

PATRICK HILLIARD,            :

CHERYL JERNIGAN,             :

JONATHAN PAGAN,                :

     a/k/a "JP,"              :

ARIK PERKINS,                  :

KEVIN PRIMIANO,                :

MANUEL RIVERA,                :

NICOLE SNEDEKER, and       :

JASON WOOD,                      :

                                     :

                Defendants.      :

                                     :

- - - - - - - - - - - - - - - - - - - -  X

## COUNT ONE

The Grand Jury charges:

1.     From at least in or about 2015, up to and including in or about May 2016, in the Southern District of New York and elsewhere, KYLE JAMES, a/k/a "Killa," JAMAR SHAW, a/k/a "Double R," DANIEL FRANCO, a/k/a "Young Papi," RASHAWN PERRY, a/k/a "Cass," NORDIA TOMPKINS, a/k/a "Nadia," JUAN MONTERO, a/k/a "Chino," LOREN PERRY, a/k/a "Skip," HERBERT MURPHY, a/k/a "Superb," a/k/a "Perb," a/k/a "Alan," a/k/a "Herbie," GRADY BLACKMON, CANDICE BROOKINS, ASHLEY EDWARDS, DAVID GUZMAN, PATRICK HILLIARD, CHERYL JERNIGAN, ARIK PERKINS, KEVIN PRIMIANO, MANUEL RIVERA, and NICOLE SNEDEKER, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.     It was a part and an object of the conspiracy that KYLE JAMES, a/k/a "Killa," JAMAR SHAW, a/k/a "Double R," DANIEL FRANCO, a/k/a "Young Papi," RASHAWN PERRY, a/k/a "Cass," NORDIA TOMPKINS, a/k/a "Nadia," JUAN MONTERO, a/k/a "Chino," LOREN PERRY, a/k/a "Skip," HERBERT MURPHY, a/k/a "Superb," a/k/a "Perb," a/k/a "Alan," a/k/a "Herbie," GRADY BLACKMON, CANDICE BROOKINS, ASHLEY EDWARDS, DAVID GUZMAN, PATRICK HILLIARD, CHERYL JERNIGAN, ARIK PERKINS, KEVIN PRIMIANO, MANUEL RIVERA, and NICOLE SNEDEKER, the defendants, and others known and unknown,

would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance that KYLE JAMES, a/k/a "Killa," JAMAR SHAW, a/k/a "Double R," DANIEL FRANCO, a/k/a "Young Papi," RASHAWN PERRY, a/k/a "Cass," NORDIA TOMPKINS, a/k/a "Nadia," JUAN MONTERO, a/k/a "Chino," LOREN PERRY, a/k/a "Skip," HERBERT MURPHY, a/k/a "Superb," a/k/a "Perb," a/k/a "Alan," a/k/a "Herbie," GRADY BLACKMON, CANDICE BROOKINS, ASHLEY EDWARDS, DAVID GUZMAN, PATRICK HILLIARD, CHERYL JERNIGAN, ARIK PERKINS, KEVIN PRIMIANO, MANUEL RIVERA, and NICOLE SNEDEKER, the defendants, conspired to distribute and possess with the intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A).

4.    During the period charged in the Indictment, the conspiracy (the "James Drug Trafficking Organization" or the "James DTO") was led, at different times, by KYLE JAMES, a/k/a "Killa," and JAMAR SHAW, a/k/a "Double R," the defendants.

5.    During the period charged in the Indictment, the James DTO distributed heroin in and around the Village of Liberty and other locations in Sullivan County, New York. Members of the James DTO regularly sold heroin in the parking lots of various

3

commercial establishments in Liberty, including, among other locations, a nursing home and a drug recovery center.

## OVERT ACTS

6.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about January 15, 2016, HERBERT MURPHY, a/k/a "Superb," a/k/a "Perb," a/k/a "Alan," a/k/a "Herbie," the defendant, sold heroin to a confidential informant in Fallsburg, New York.

b.    On or about January 23, 2016, KYLE JAMES, a/k/a "Killa," and JUAN MONTERO, a/k/a "Chino," the defendants, had a phone conversation regarding the packaging and delivery of heroin belonging to the James DTO.

c.    On or about March 1, 2016, JAMAR SHAW, a/k/a "Double R," the defendant, sold heroin to a confidential informant in Bethel, New York.

d.    On or about March 26, 2016, GRADY BLACKMON and NORDIA TOMPKINS, a/k/a "Nadia," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO.

e.    On or about March 28, 2016, KEVIN PRIMIANO and RASHAWN PERRY, a/k/a "Cass," the defendants, had a phone

4

conversation regarding the sale of heroin belonging to the James DTO.

f.    On or about March 28, 2016, CANDICE BROOKINS and RASHAWN PERRY, a/k/a "Cass," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO.

g.    On or about March 29, 2016, ASHLEY EDWARDS and KYLE JAMES, a/k/a "Killa," the defendants, had phone conversations regarding the sale of heroin belonging to the James DTO at a nursing home.

h.    On or about March 30, 2016, MANUEL RIVERA and KYLE JAMES, a/k/a "Killa," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO at a drug recovery center.

i.    On or about March 30, 2016, CHERYL JERNIGAN and NORDIA TOMPKINS, a/k/a "Nadia," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO.

j.    On or about April 1, 2016, KYLE JAMES, a/k/a "Killa," and DANIEL FRANCO, a/k/a "Young Papi," the defendants, had a phone conversation regarding a delivery of heroin belonging to the James DTO.

k.    On or about April 5, 2016, LOREN PERRY, a/k/a "Skip," and KYLE JAMES, a/k/a "Killa," the defendants, had a

phone conversation regarding the sale of heroin belonging to the James DTO.

l.   On or about April 7, 2016, ARIK PERKINS and KYLE JAMES, a/k/a "Killa," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO.

m.   On or about April 7, 2016, NICOLE SNEDEKER and KYLE JAMES a/k/a "Killa," the defendants, exchanged text messages regarding the sale of heroin belonging to the James DTO.

n.   On or about April 8, 2016, PATRICK HILLIARD and KYLE JAMES, a/k/a "Killa," the defendants, had a phone conversation regarding the sale of heroin belonging to the James DTO.

o.   On or about April 13, 2016, DAVID GUZMAN and KYLE JAMES, a/k/a "Killa," the defendants, exchanged text messages regarding the sale of heroin belonging to the James DTO.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

7.   In or about April 2016, in the Southern District of New York and elsewhere, KYLE JAMES, a/k/a "Killa," and LOREN PERRY, a/k/a "Skip," the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy

charged in Count One of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crime, did possess a firearm, and did aid and abet the same.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

### COUNT THREE

The Grand Jury further charges:

8.    From at least in or about October 2015, up to and including in or about May 2016, in the Southern District of New York and elsewhere, RICHIERAY SUCCI, JUAN MONTERO, a/k/a "Chino," JONATHAN PAGAN, a/k/a "JP," and JASON WOOD, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

9.    It was a part and an object of the conspiracy that RICHIERAY SUCCI, JUAN MONTERO, a/k/a "Chino," JONATHAN PAGAN, a/k/a "JP," and JASON WOOD, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

10.    The controlled substances that RICHIERAY SUCCI, JUAN MONTERO, a/k/a "Chino," and JASON WOOD, the defendants, conspired to distribute and possess with the intent to distribute were:  (1) 28 grams and more of mixtures and

substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(B); and (2) 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B).

11.   The controlled substance that JONATHAN PAGAN, a/k/a "JP," the defendant, conspired to distribute and possess with intent to distribute was 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(B).

12.   During the period charged in the Indictment, RICHIERAY SUCCI, JUAN MONTERO, a/k/a "Chino," and JASON WOOD, the defendants, distributed crack cocaine and heroin in and around Liberty, New York, and JONATHAN PAGAN, a/k/a "JP," the defendant, distributed heroin in and around Liberty, New York.

<u>OVERT ACTS</u>

13.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about October 7, 2015, JONATHAN PAGAN, a/k/a "JP," sold heroin to a confidential informant in Liberty, New York.

8

b.    On or about January 29, 2016, JASON WOOD, the defendant, transported heroin and crack cocaine from RICHIERAY SUCCI, the defendant, to JUAN MONTERO, a/k/a "Chino," the defendant, in a vehicle in or around Liberty, New York.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

14.    As a result of committing the controlled substance offense alleged in Count One of this Indictment, KYLE JAMES, a/k/a "Killa," JAMAR SHAW, a/k/a "Double R," DANIEL FRANCO, a/k/a "Young Papi," RASHAWN PERRY, a/k/a "Cass," NORDIA TOMPKINS, a/k/a "Nadia," JUAN MONTERO, a/k/a "Chino," LOREN PERRY, a/k/a "Skip," HERBERT MURPHY, a/k/a "Superb," a/k/a "Perb," a/k/a "Alan," a/k/a "Herbie," GRADY BLACKMON, CANDICE BROOKINS, ASHLEY EDWARDS, DAVID GUZMAN, PATRICK HILLIARD, CHERYL JERNIGAN, ARIK PERKINS, KEVIN PRIMIANO, MANUEL RIVERA, and NICOLE SNEDEKER, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count One of this Indictment.

15.    As a result of committing the controlled substance offense alleged in Count Three of this Indictment, RICHIRAY

SUCCI, JUAN MONTERO, a/k/a "Chino," JONATHAN PAGAN, a/k/a "JP," and JASON WOOD, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendants obtained directly or indirectly as a result of the violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation alleged in Count Three of this Indictment.

<u>Substitute Assets Provision</u>

16.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above

forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

FOREPERSON

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

KYLE JAMES, et al.,

Defendants.

SEALED INDICTMENT

16 Cr.

(21 U.S.C. § 846;
18 U.S.C. §§ 924(c) and 2.)

_____        PREET BHARARA
Foreperson.          United States Attorney.